■ MICHAEL MARGOLIES, Appellant, v. H. GLENN CHAFFER, Respondent, and THOMAS J. DI MAIO, Appellant.— Order and judgment (one paper), Supreme Court, New York County entered on January 4, 1972, so far as appealed from, affirmed. Concur — McGivern, J. P., Markewich and McNally, JJ.; Nunez and Murphy, JJ., dissent in the following memorandum by Murphy, J.: We disagree and do not believe that, under the circumstances of this case, judgment by default should have been granted unconditionally. Pursuant to a written agreement executed in November, 1969, plaintiff Margolies purchased from defendant Chaffer certain shares of stock of a co-operative corporation, together with the proprietary lease applicable thereto. A portion of the purchase price, i.e., $12,500, was deferred and evidenced by two promissory notes; one in the face amount of $7,500, payable on February 10, 1970 and the second, in the face amount of the remaining $5,000, due on July 11, 1970. Defendant Di Maio guaranteed payment of the first note, but not the second. When the first note was not paid Chaffer sued Margolies and Di Maio in Civil Court. They interposed an answer containing denials and an affirmative defense predicated on Chaffer's failure to perform certain work at the apartment. Instead of counterclaiming for damages in the Civil Court action, Margolies commenced a separate action in Supreme Court for recovery of such damages, which allegedly aggregate over $31,000; and both actions were thereafter consolidated. In the meantime, the second note became due. When Margolies refused to consent to Chaffer's supplementing his complaint to plead such additional cause, Chaffer obtained such relief on motion. The

supplemental complaint merely repleaded the two causes of action previously alleged as to the first note, plus a third cause of action, against Margolies alone, seeking recovery on the $5,000 unpaid note. Since the order granting Chaffer leave to serve the supplemental complaint did not otherwise prescribe, Margolies and Di Maio should have responded thereto. (CPLR 3025, subd. [d].) They did not, however, in the belief that the allegation contained in Chaffer's supplemental pleading had already been sufficiently controverted by their previously interposed answer and Margolies' complaint in the consolidated action. We agree that orderly procedure dictated that an answer to the supplemental complaint should have been served. (Cf. *Inland Credit Corp.* v. *Bluds,* 27 A D 2d 928.) However, we do not agree that, under the circumstances here disclosed, an unconditional judgment by default should have been granted. Special Term's refusal to afford appellants an opportunity to serve an amended pleading was, in our opinion, an abuse of discretion as a matter of law. At the very most, judgment should have been granted unless an answer was served upon appropriate terms. Accordingly, we would modify the order and judgment (one paper) below, to the extent appealed from, so as to permit service of an amended answer on specified terms.